IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,     ) | |
| Plaintiff-Appellee,           ) | |
|                        ) | |
|                        ) | |
| v.                        ) | No. 06-10213-JTM |
|                        ) | |
|                        ) | |
| CHESTER J. GOUDEAU,       ) | |
| Defendant-Appellant.      ) | |

MEMORANDUM AND ORDER

On September 19, 2006, the defendant was indicted and charged with: Count 1 – possession with the intent to distribute approximately 232.2 grams of crack cocaine, in violation of 21 U.S.C. § 841(a) and (b)(1)(A); Count 2 – possession with the intent to distribute approximately 240.4 grams of cocaine, in violation of 21 U.S.C. § 841(a) and (b)(1)©; Count 3 – possession of a handgun in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and Count 4 -- possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). (Dkt. No. 1).

On January 29, 2007, pursuant to a plea agreement, the defendant entered a guilty plea to count 1 of the indictment.  The plea agreement contains the following language:

**Waiver of Appeal and Collateral Attack**. If the Court agrees to the proposed plea agreement, the defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. *The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to,* a motion brought under Title 28, U.S.C. § 2255 [except

as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], *a motion brought under Title 18, U.S.C.§ 3582(c)(2)* and a motion brought under Fed. Rule of Civ. Pro 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case unless the sentence imposed is greater than 216 months. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a).  (Dkt. No. 27 - Attach. A at ¶ 9). (emphasis added)

Prior to pleading guilty, the defendant presented to the court a petition to enter plea of guilty and swore in open court That he made his plea:  1) as a result of the plea agreement; 2) freely and voluntarily; and 3) with a full understanding of all matters related thereto. (Dkt. No. 27 - Attach. B). Pursuant to Fed. R. Crim. P. 11(c)(1)(c),  the government and defendant jointly proposed, as an appropriate disposition of the case, a sentence of 216 months imprisonment. (Dkt. No. 27 - Attach. A at ¶ 3).

The United States Probation Office prepared a  presentence investigation report (hereafter "PIR") reflecting a base offense level of 34, a two-level increase for possession of a firearm, and a three-level reduction for acceptance of responsibility, resulting in an adjusted offense level of 33. (PIR ¶¶ 27-37).  A total offense level of 33 and a criminal history category of III yields a 168 to 210 month advisory Guidelines range. (PIR ¶ 79).  On April 25, 2007, the court sentenced the defendant to 192 months (16 years) in prison and five years of supervised release. The incarceration portion of the sentence was 24 months less than the sentence the parties had jointly recommended to the court in the Rule 11(c)(1)© plea agreement.  The defendant did not appeal.  However, on May 5, 2008, the defendant filed an amended motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). (Dkt. No. 26).

Defendant's § 3582(c)(2) motion requests a two-level reduction in his Guideline range based on the United States Sentencing Commission's Amendment 706, which revised U.S.S.G. § 2D1.1(c). The defendant also seeks a sentence below the applicable Guidelines range based on *United States v. Booker*, 543 U.S. 220 (2005) and *Kimbrough v. United States*, 128 S.Ct. 558 (2007). (Dkt. No. 26).

In *United States v. Hahn,* 359 F.3d 1315, 1325 (10th Cir. 2004), the Tenth Circuit adopted a 3-prong test for determining the validity of appeal waivers in plea agreements, which would include the § 3582(c)(2) waiver in this case. Pursuant to *Hahn*, the trial court must determine: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice as we define herein." *Id* at 1325-27. *Hahn* goes on to note that enforcement of an appellate waiver does not result in a miscarriage of justice unless one of four situations is present: (1) the district court relied upon an impermissible factor such as race; (2) the defendant received ineffective assistance of counsel in connection with the negotiation of the waiver, rendering the waiver invalid; (3) the defendant's sentence exceeded the statutory maximum; and (4) the waiver is otherwise unlawful. *Id.* at 1327. Further, in order to satisfy the fourth requirement, the error must seriously affect the fairness, integrity or public reputation of judicial proceedings. *Id.*

After a review of the record, including the plea agreement and the petition to enter a guilty plea, the court finds both defendant's guilty plea and his agreement to waive appeal of the conviction and sentence were made knowingly, freely and voluntarily. The defendant has not set

forth specific facts indicating that his counsel was ineffective in advising the defendant regarding the proposed plea agreement and waiver.

There is neither allegation nor evidence that this court based its sentence on any impermissible factor. Further, defendant makes no allegation nor cites any evidence that he received ineffective assistance of counsel in negotiating the waiver. The defendant's sentence did not exceed the statutory maximum of life in prison. Finally, defendant neither alleged nor presented any evidence that the waiver was unlawful. Applying the *Hahn* factors, the court upholds the waiver provision in the plea agreement.

The defendant cites *U.S. v. Chavez-Salais*, 337 F.3d 1170 (10th Cir. 2003) to support his claim that "the government is highly mistaken as to what rights petitioner waived." (Dkt. No. 28 - page 1). However, that case indirectly supports this court's holding that the waiver of the defendant's rights under the plea agreement is binding: "[T]he plea agreement did not explicitly state that [d]efendant was waiving his right to bring a later motion to modify his sentence under 18 U.S.C. § 3582(c)(2). Had the agreement contained such language . . . we would likely find that [d]efendant had waived the right to 'attack collaterally or otherwise attempt to modify or change his sentence.'". *Id.* at 1173. Here, defendant, by way of a specific provision in his plea agreement, waived any right to appeal his sentence under 18 U.S.C. §3582(c)(2).

Finally, the defendant is not entitled to a re-sentencing under *United States v. Booker*, 543 U.S. 220 (2005), or its progeny. The Tenth Circuit rejects the argument that *Booker* applies to a § 3582(c)(2) proceeding. *See United States v. Price*, 438 F.3d 1005, 1007(10th Cir. 2006) (holding that *Booker* does not provide a basis for a sentence reduction under § 3582(c).

4

IT IS SO ORDERED, this 14th day of January, 2009, that the Defendant's Amended Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) is denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE