IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


UNITED STATES OF AMERICA,
Plaintiff-Appellee,


v.                                                             No. 06-10213-JTM


CHESTER J. GOUDEAU,
Defendant-Appellant.


MEMORANDUM AND ORDER

This matter is before the court on the pro se motion of defendant Chester J. Goudeau for

reduction of his sentence pursuant to 18 USC § 3582(c)(2). (Dkt. No. 45). Goudeau maintains that

he was entitled to benefit from Amendment 706 to the United States Sentencing Guidelines.

Amendment 706, enacted by the United States Sentencing Commission in 2007, amended the Drug

Quantity Table in U.S.S.G. § 2D 1.1(c), resulting in a 2-level reduction in base offense levels for

crack cocaine-related offenses. U.S.S.G. App. C, Amend. 706 (2007).

The defendant previously filed a pro se motion for reduction of his sentence pursuant to 18

USC § 3582(c)(2). (Dkt. No. 26). This court denied the motion on January 14, 2009. (Dkt. No. 29).

Goudeau appealed the denial to the Tenth Circuit. (Dkt. No. 30). On September 2, 2009, the Tenth

Circuit remanded and instructed this court to dismiss Goudeau's case based on lack of jurisdiction.

(Dkt. No. 43). The Tenth Circuit indicated this court did not have jurisdiction because Goudeau's

sentence had been imposed as a result of a binding plea agreement under Rule 11(c)(1)(C), and was

not based on a sentencing range. *United States v. Goudeau*, No. 09-3031, 2009 WL 2445154, at \*2

(10th Cir. Aug. 11, 2009). This court dismissed Goudeau's case for lack of jurisdiction on September

15, 2009.  (Dkt. No. 44).  On December 2, 2009, Goudeau filed the motion for reduction that is presently before the court.  (Dkt. No. 45).

The Tenth Circuit held on October 26, 2009, that a district court has authority to reduce sentences imposed pursuant to Rule 11 pleas where the sentence was based at least in part on the then-applicable sentencing range.  *United States v. Cobb*, 584 F.3d 979 (10th Cir. 2009).  A district court's authority to modify a previously imposed sentence is limited by § 3582(c).  Under § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§ ] 994( o), . . . the court may reduce the term of imprisonment, . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

On September 19, 2006, the defendant was indicted and charged with: Count 1- possession with the intent to distribute approximately 232.2 grams of crack cocaine, in violation of 21 U.S.C. § 841(a) and (b)(1)(A); Count 2 - possession with the intent to distribute approximately 240.4 grams of cocaine, in violation of 21 U.S.C. § 841(a) and (b)(1)(c); Count 3 - possession of a handgun in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and Count 4 - possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (Count 4). (Dkt. No. 1).

On January 29, 2007, pursuant to a plea agreement, the defendant entered a guilty plea to count 1 of the indictment.  The plea agreement contains the following language:

> **Waiver of Appeal and Collateral Attack**. If the Court agrees to the proposed plea agreement, the defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. *The defendant also*

2

*waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to*, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10ᵗʰ Cir. 2001)], *a motion brought under Title 18, U.S.C.§ 3582(c)(2)* and a motion brought under Fed. Rule of Civ. Pro 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case unless the sentence imposed is greater than 216 months. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a). (Dkt. No. 27 - Attach. A at ¶ 9). (emphasis added)

Prior to pleading guilty, the defendant presented to the court a petition to enter plea of guilty and swore in open court that he made his plea: (1) as a result of the plea agreement; (2) freely and voluntarily; and (3) with a full understanding of all matters related thereto. (Dkt. No. 27 - Attach. B). Pursuant to Fed. R. Crim. P. 11(c)(1)(c), the government and defendant jointly proposed, as an appropriate disposition of the case, a sentence of 216 months. (Dkt. No. 27 - Attach. A at ¶ 3).

This court's prior sentence was at least partially based on the Guidelines, therefore it does have jurisdiction to hear this motion. The United States Probation Office prepared a presentence investigation report (hereafter "PIR") reflecting a base offense level of 34, a two-level increase for possession of a firearm, and a three-level reduction for acceptance of responsibility, resulting in an adjusted offense level of 33. (PIR ¶¶ 27-37). A total offense level of 33 and a criminal history category of III yields a 168 to 210 month advisory Guideline range. (PIR ¶ 79). On April 25, 2007, the court sentenced the defendant to 192 months (16 years) in prison and five years of supervised release. The incarceration sentence was actually 24 months less than the sentence the parties had jointly recommended to the court in the Rule 11(c)(1)(C) plea agreement. The defendant did not file a direct appeal.

The defendant's § 3582(c)(2) motion requests a two-level reduction in his Guideline range based on the United States Sentencing Commission's Amendment 706, which revised U.S.S.G. § 2D1.1(c). Defendant's plea agreement includes a statement waiving the right to attack the sentence in a § 3582(c)(2) motion unless the sentence imposed is greater than 216 months. (Dkt. No. 27 - Attach. A at ¶ 9.). This court sentenced the defendant to 192 months (16 years) in prison, which was 2 years less than the defendant himself had recommended.

The Tenth Circuit has adopted a 3-prong test for determining the validity of appeal waivers in plea agreements. *United States v. Hahn,* 359 F.3d 1315, 1325 (10th Cir. 2004). The trial court must determine: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice as we define herein." *Id.* at 1325-27.

After a review of the record, including the plea agreement and the petition to enter a guilty plea, the court finds both defendant's guilty plea and his agreement to waive appeal of the conviction and sentence were made knowingly, freely and voluntarily. The defendant has not set forth specific facts indicating that his counsel was ineffective in advising the defendant regarding the proposed plea agreement and waiver.

In *Hahn,* the Tenth Circuit held that enforcement of an appellate waiver does not result in a miscarriage of justice unless one of four situations is present: (1) the district court relied upon an impermissible factor such as race; (2) the defendant received ineffective assistance of counsel in connection with the negotiation of the waiver, rendering the waiver invalid; (3) the defendant's sentence exceeded the statutory maximum; and (4) the waiver is otherwise unlawful. *United States*

*v. Hahn,* 359 F.3d 1315, 1327 (10th Cir. 2004). Further, the court held that in order to satisfy the fourth requirement, the error must seriously affect the fairness, integrity or public reputation of judicial proceedings. *Id.*

There is neither allegation nor evidence that this court based its sentence on any impermissible factor. Further, defendant makes no allegation nor cites any evidence that he received ineffective assistance of counsel in negotiating the waiver.

The court finds there is no miscarriage of justice in the sentence that Goudeau received; the sentence he received was twenty-four months (2 years) less than the sentence he agreed was fair. The defendant's sentence did not exceed the statutory maximum of life in prison. Finally, defendant neither alleged nor presented any evidence that the waiver was unlawful. Applying the *Hahn* factors, the court upholds the waiver provision in the plea agreement.

Defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) is denied, IT IS SO ORDERED, this 14th day of May, 2010.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE
