IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                               Case No. 06-10213-JTM

CHESTER J. GOUDEAU,

        Defendant.

MEMORANDUM AND ORDER

The court has before it Chester J. Goudeau's Motion to Reduce Sentence (Dkt. 56). The court denies the motion for the following reasons.

## I. Background

On September 19, 2006, the defendant was indicted and charged with: count 1 – possession with the intent to distribute approximately 232.2 grams of crack cocaine, in violation of 21 U.S.C. § 841(a) and (b)(1)(A); count 2 – possession with the intent to distribute approximately 240.4 grams of cocaine, in violation of 21 U.S.C. § 841(a) and (b)(1)(c); count 3 – possession of a handgun in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and count 4 – possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). Dkt. 1. On January 29, 2007, pursuant to a plea agreement, the defendant entered a guilty plea to count 1 of the indictment. The plea agreement contains the following language:

> **Waiver of Appeal and Collateral Attack**. If the Court agrees to the proposed plea agreement, the defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. The defendant is aware

that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. *The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to*, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], *a motion brought under Title 18, U.S.C. § 3582(c)(2)* and a motion brought under Fed. Rule of Civ. Pro 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case unless the sentence imposed is greater than 216 months. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a).

Dkt. 14 at ¶ 9 (emphasis added).

Prior to pleading guilty, the defendant presented to the court a petition to enter plea of guilty and swore in open court that he made his plea: (1) as a result of the plea agreement; (2) freely and voluntarily; and (3) with a full understanding of all matters related thereto. Dkt. 15. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(c), the government and defendant jointly proposed a sentence of 216 months. Dkt. 14 at ¶ 3.

The U.S. Probation Office prepared a presentence investigation report reflecting a base offense level of thirty-four, a two-level increase for possession of a firearm, and a three-level reduction for acceptance of responsibility, resulting in an adjusted offense level of thirty-three. *See* Dkt. 48. A total offense level of thirty-three with a criminal history category of three resulted in a 168 to 210 month advisory Guidelines range. *Id*. On April 25, 2007, the court sentenced the defendant to 192 months (sixteen years) in

2

prison and five years of supervised release, based on updated recommendations from the government and defense counsel. The defendant did not file a direct appeal.

On May 5, 2008, the defendant filed an amended motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), based on the U.S. Sentencing Commission's Amendment 706, which reduced the base offense levels for crack cocaine offenses by two levels. Dkt. 26. After this court denied the motion on January 15, 2009, Goudeau appealed. The U.S. Court of Appeals for the Tenth Circuit remanded the case with instructions to dismiss the motion for lack of jurisdiction because Goudeau's sentence had been imposed as a result of a binding plea agreement under Rule 11(c)(1)(C) rather than a determination by the court based on a sentencing range. *See United States v. Goudeau*, 341 F. App'x 400, 402–03 (10th Cir. 2009) (citing *United States v. Trujeque*, 100 F.3d 869, 871 (10th Cir. 1996)). This court complied with the Tenth Circuit's order and dismissed Goudeau's motion on September 15, 2009. Dkt. 44.

On December 2, 2009, Goudeau filed another motion for reduction of sentence pursuant to § 3582(c)(2), seeking the same relief as before. Dkt. 45. Goudeau essentially renewed his motion based on an intervening change in law coming from a case where the Tenth Circuit held that a "district court has authority to reduce sentences imposed pursuant to Rule 11 pleas where . . . the sentence was based *at least in part* on the then-applicable sentencing range." *See United States v. Cobb*, 584 F.3d 979, 985 (10th Cir. 2009) (emphasis added), *reh'g en banc granted*, 595 F.3d 1202 (10th Cir.), *reh'g en banc vacated and judgment reinstated*, 603 F.3d 1201 (10th Cir. 2010). Goudeau argued that he was in

3

the same position as the defendant in *Cobb*, giving the district court jurisdiction to hear his motion.

This court found that Goudeau's sentence was at least partially based on the Guidelines, so it had jurisdiction over his motion. The court denied the motion, explaining that Goudeau's plea agreement waived the right to attack his sentence in a § 3582(c)(2) motion. Dkt. 48. After reviewing the record of Goudeau's guilty plea and his petition to enter a guilty plea, the court concluded that Goudeau's "guilty plea and his agreement to waive appeal of the conviction and sentence were made knowingly, freely and voluntarily." *Id.* at 4. The court explained that Goudeau had not set forth specific facts indicating that his counsel was ineffective in advising him of the effect of the proposed plea agreement and waiver. *Id.* Goudeau appealed the district court's denial of his motion.

On appeal, Goudeau argued for the first time that his waiver of his right to seek modification of his sentence under § 3582 was not knowingly and intelligently made due to the ineffective assistance of counsel. The Tenth Circuit declined to reach what it called a "late-blooming argument." Ultimately, the Tenth Circuit affirmed the district court's order denying Goudeau's motion.

On August 3, 2010, President Barack Obama signed into law the Fair Sentencing Act of 2010,[1] which reduced the sentencing disparities between crack and powder cocaine. "The Act amended the Controlled Substances Act and the Controlled Substances Import and Export Act by establishing new quantity thresholds that trigger

---
[1] Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372.

statutory mandatory minimum and maximum penalties for cocaine based ('crack cocaine') offenses."[2] With Amendment 750, the U.S. Sentencing Commission amended the Guidelines to reflect the Act. The Commission unanimously voted to give retroactive effect to parts of the amendment. Relying on Amendment 750, Goudeau filed another motion seeking reduction of his sentence pursuant to § 3582(c)(2).

**II. Analysis**

As the court held in its order on Goudeau's previous motion, Goudeau's prior sentence was partially based on the Guidelines, so the court has jurisdiction to hear the motion. Based on the U.S. Probation Office's presentence investigation report, Goudeau's Guideline range at sentencing was 168–210 months, and the court sentenced him to 192 months in prison and five years of supervised release.

Goudeau argues that retroactively applying Amendment 750 would reduce his offense level, resulting in a lower sentencing range. However, as the court has noted in prior orders, Goudeau's plea agreement included a statement waiving the right to attack the sentence in a § 3582(c)(2) motion unless the sentence imposed was greater than 216 months. *See* Dkt. 27. The sentence imposed by this court was not greater than 216 months. If Goudeau's waiver of appeal was valid, then the court must deny his motion.

The Tenth Circuit has adopted a three-prong test for determining the validity of appeal waivers in plea agreements. The trial court must determine: "(1) whether the

---

[2]Memorandum from Gary G. Grindler, Acting Deputy Attorney General, U.S. Department of Justice, Aug. 5, 2010, *available at* http://www.justice.gov/oip/docs/fair-sentencing-act-memo.pdf.

disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice as we define herein." *United States v. Hahn*, 359 F.3d 1315, 1325–27 (10th Cir. 2004).

*Within the Scope of the Waiver*

In his plea agreement, Goudeau specifically waived "any right to challenge a sentence or otherwise attempt to modify or change his sentence . . . including, but not limited to . . . a motion brought under Title 18, U.S.C. § 3582(c)(2) . . . ." The motion at issue is one brought under 18 U.S.C. § 3582(c)(2). Thus, Goudeau's appeal clearly falls within the scope of his waiver.

*Knowing and Voluntary Waiver*

Goudeau contends his waiver was not made knowingly and voluntarily because he did not fully understand what a § 3582(c)(2) motion entailed when he waived his right to file it. He blames the court and ineffective assistance by counsel for not informing him properly. In evaluating this question, the court considers "whether the language of the plea agreement states that [he] entered the agreement knowingly and voluntarily" and whether there is "an adequate Federal Rule of Criminal Procedure 11 colloquy." *United States v. Frierson*, 308 Fed. App'x 298, 300 (10th Cir. 2009) (quoting *Hahn*, 359 F.3d at 1325). Goudeau bears the "burden to present evidence from the record establishing that he did not understand the waiver." *Id.* (quoting *Hahn*, 359 F.3d at 1329). Following the format of the Tenth Circuit's analysis in *United States v. Frierson*,

308 Fed. App'x 298 (10th Cir. 2009) and *United States v. Harris*, 336 Fed. App'x 783 (10th Cir. 2009), the court concludes that Goudeau's waiver was made knowingly and voluntarily.

The waiver paragraph in Goudeau's plea agreement specifically states that he is waiving the right to file a § 3582(c)(2) motion and states that he entered the waiver knowingly and voluntarily. Dkt. 14 at ¶ 9. Just before the signature block, he acknowledged that he had discussed the terms of the plea agreement with his attorney; that he understood and accepted the terms free of any threats, duress or coercion; that the agreement embodies all of the agreements and negotiations between the parties; and that he was pleading guilty because he is guilty and signing the plea agreement freely and voluntarily. *Id.* at ¶ 13. This language clearly demonstrates that Goudeau entered the agreement, including the § 3582(c)(2) waiver, knowingly and voluntarily. *See Harris*, 336 Fed. App'x at 786. In addition, in his Petition to Enter a Plea of Guilty, Goudeau acknowledged he could receive a sentence of life imprisonment, the maximum penalty provided by law; that the sentence would be solely a matter within the control of the judge; that the judge would take into account all relevant criminal conduct and criminal history, including prior convictions; and that his guilty plea was made voluntarily. Dkt. 15 at ¶ 16. Again, this language clearly demonstrates that Mr. Harris entered the plea agreement, including the § 3582(c)(2) waiver, knowingly and voluntarily. *See Harris*, 336 Fed. App'x at 786.

7

During the Rule 11 colloquy, this court confirmed with Goudeau that he knew he could be sentenced to life imprisonment; he was waiving his right to appeal from his conviction and his sentence; he had reviewed his petition to enter guilty plea "literally word-by-word" with his attorney; and that he understood all of the rights he was giving up by pleading guilty. Dkt. 40 pg. at 6–7, 15, 17–18, 20. This colloquy clearly demonstrates that Goudeau knowingly and voluntarily waived his right to file a § 3582(c)(2) motion. While the court did not explicitly discuss the § 3582(c)(2) aspect of the waiver during the colloquy, this failure does not render the waiver unknowing or involuntary given the specific reference to § 3582(c)(2) in the plea agreement and Goudeau's written and oral averments regarding the knowing and voluntary nature of his actions. *See Frierson*, 308 Fed. App'x at 300.

Goudeau waived "the right to challenge a sentence or otherwise attempt to modify or change his sentence . . . ." Dkt. 14 at ¶ 9. His waiver lists three specific vehicles for challenging or modifying sentence: "a motion brought under Title 28, U.S.C. § 2255, a motion brought under Title 18, U.S.C. § 3582(c)(2), and a motion brought under Fed. Rule of Civ. Pro. 60(b)." *Id.* Essentially, Goudeau argues that his failure to understand one of these vehicles—the § 3582(c)(2) motion—rendered his waiver ineffective. But Goudeau points to no evidence suggesting that this gap in his knowledge affected his ability to comprehend the general right he was waiving—the right to challenge or modify his sentence for any reason.

Additionally, nothing in the record shows that Goudeau would have changed his plea if the Rule 11 colloquy had specifically addressed the § 3582(c)(2) waiver. Indeed, Goudeau received substantial consideration for entering into the plea agreement. In exchange for his waiver of his rights to trial, appeal, and collateral attack, including the right to bring a § 3582(c)(2) motion, the government agreed to not prosecute him for other crimes arising out of the facts forming the basis for the Indictment. The government dropped three charges Goudeau was facing: possession with the intent to distribute cocaine, possession of a handgun in furtherance of a drug trafficking crime, and possession of a firearm by a felon. At sentencing, Goudeau stated that he understood his sentence would be much longer than sixteen years if the other charges were included and he was convicted of them. Dkt. 41 at 4. He also agreed that he had received "an excellent bargain from the government" with its recommendation of sixteen years. *Id.* at 4–5. Further, he received a two-level reduction for acceptance of responsibility. Goudeau has not requested to withdraw his plea or otherwise surrender any of these benefits.

In sum, there is no evidence contradicting Goudeau's written and verbal assertions of a knowing and voluntary waiver. The court concludes that Goudeau's waiver of his right to bring a § 3582(c)(2) motion was knowing and voluntary.

*Miscarriage of Justice*

The miscarriage of justice element requires Goudeau "to show (a) his sentence relied on an impermissible factor such as race; (b) ineffective assistance of counsel in

9

connection with the negotiation of the waiver rendered the waiver invalid; (c) his sentence exceeded the statutory maximum; or (d) the waiver is otherwise unlawful and the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.' " *Frierson*, 308 Fed. App'x at 301 (quoting *Hahn,* 359 F.3d at 1327). The court finds that Goudeau cannot show any of these.

Goudeau asserts that race was a factor in his sentencing because he is an African-American who was convicted of a crack cocaine offense; thus, enforcing the waiver would result in a miscarriage of justice. But the Tenth Circuit has already rejected this argument, concluding it does not satisfy *Hahn*'s requirement that the sentence "relied on" an impermissible factor. *Frierson*, 308 Fed. App'x at 301.

Goudeau contends that his attorney was ineffective because she did not explain to him that he was giving up the ability to challenge a disparity in sentencing. Section 3582(c)(2) allows modification of sentences when the Sentencing Commission later lowers a sentencing range. As the court explained above, Goudeau's plea and the Rule 11 colloquy establish that he understood that he was giving up his right to challenge or modify his sentence, regardless of whether he understood the specific vehicle for doing so or the circumstances that might present such an opportunity. Further, Goudeau's attorney reviewed his plea agreement with him word-for-word, and Goudeau did not claim to have any questions before entering his guilty plea. The record does not reveal that counsel was ineffective in negotiating the waiver, and there is no indication the

§ 3582(c)(2) waiver was unlawful or that enforcing it would seriously affect the fairness, integrity or public reputation of judicial proceedings. *See Harris*, 336 Fed. App'x at 787.

Finally, Goudeau argues enforcing his waiver would be a miscarriage of justice because it "goes against what the Sentencing Reform Act seeks to eliminate . . . ." Dkt. 56 at 7. Goudeau refers to the Act's goal of reducing the disparity in crack and powder cocaine sentences. The Tenth Circuit has rejected this argument before, therefore, the court finds this argument legally insufficient. *See Frierson*, 308 Fed. App'x at 302. Additionally, the court finds the argument particularly misplaced here considering the circumstances of Goudeau's sentence, specifically that Goudeau was initially charged with possession with intent to distribute *both* crack and powder cocaine. Goudeau agreed to plead guilty to the crack cocaine charge in exchange for the government dropping the powder cocaine charge and two gun charges. As a result, he faced a much lighter sentence than he would have faced if convicted of the other charges. However, he now argues that the sentence he received based solely on the crack cocaine charge would be a miscarriage of justice. Although the court understands, and is sympathetic to, the plight of those subjected to the inherent disparities that exist in the different sentences assigned to the two types of cocaine, Goudeau's does not appear to be such a case.

## III. Modification of Sentence

Although the court denies Goudeau's motion for the reasons state above, its inquiry does not end there. The court may act on its own motion to reduce the term of

imprisonment of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(2). The court must consider the factors set forth in section 3553(a) to the extent that they are applicable and determine whether such a reduction would be consistent with applicable policy statements issued by the Sentencing Commission. *Id.*

Section 3582(c)(2) establishes a two-step inquiry. *United States v. McGee*, 615 F.3d 1287, 1292 (10th Cir. 2010) (citing *Dillon v. United States*, 560 U.S. 817, 826 (2010)). Under step one of this inquiry, § 3582(c)(2) requires a district court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. *Id.* (internal quotation marks omitted). Only if a district court determines that a reduction is consistent with § 1B1.10 may it proceed to step two of the inquiry. *Id.* (internal quotation marks omitted). At step two of the inquiry § 3582(c)(2) instructs a district court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case. *Id.* (internal quotation marks omitted).

Section 1B1.10 of the Sentencing Guidelines, entitled "Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)," provides:

(a) Authority.—

(1) In General.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant

12

has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

(2) Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—

(A) none of the amendments listed in subsection (c) is applicable to the defendant; or

(B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

(3) Limitation.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

(b) Determination of Reduction in Term of Imprisonment.—

(1) In General.—In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

(2) Limitations and Prohibition on Extent of Reduction.—

(A) Limitation.—Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended

>   guideline range determined under subdivision (1) of this subsection.
>
> . . .
>
> >   (C) Prohibition.—In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.
>
> (c) Covered Amendments.—Amendments covered by this policy statement are listed in Appendix C as follows: . . . 706 as amended by 711 . . . and 750 (parts A and C only).

U.S.S.G. § 1B1.10 (emphasis added).

The court finds that a reduction of Goudeau's sentence would be consistent with § 1B1.10's policy statement. The policy statement covers amendment 750, which would lower Goudeau's applicable guideline range. When Goudeau was sentenced, the base level for possessing with the intent to distribute 232.2 grams of crack cocaine was thirty-four; it is now thirty as a result of the amendment. At sentencing, Goudeau received a two-level increase for firearm possession and a three-level decrease for accepting responsibility, resulting in a total offense level of thirty-three. A total offense level of thirty-three and a criminal history category of III yielded a guideline range of 168–210 months. Under the new guidelines, assuming the same two-level increase and three-level decrease of his base offense level that Goudeau received at his sentencing, his total offense level would now be twenty-nine. A total offense level of twenty-nine and a criminal history category of III would yield a sentence of 108–135 months under the new amendment.

In the second step of its analysis, the court finds that the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of Goudeau's case. Goudeau waived his right to file a motion to modify his sentence, which is why the court denied the motion before it. However, the court believes that the parties to the plea agreement could not have anticipated the drastic reduction in the applicable sentencing guidelines for crack cocaine offenses that the recent amendments have brought. Had Amendment 750 been effective at the time of his sentencing, Goudeau would have faced a maximum of 135 months, four years and nineteen months less than the 192-month sentence this court imposed: a reduction of 30%. Reducing Goudeau's sentence to 135 months will still afford adequate time for him to reflect the seriousness of his offense, promote respect for the law, provide just punishment for his offense and adequate deterrence to criminal conduct, and protect the public from further crimes by Goudeau—factors found in 18 U.S.C. § 3553(a).

IT IS THEREFORE ORDERED this 1st day of April, 2014, that Chester J. Goudeau's Motion to Reduce Sentence (Dkt. 56) is denied.

IT IS ALSO ORDERED that, pursuant to the court's authority under 18 U.S.C. § 3582(c)(2), Chester Goudeau's sentence is reduced to 135 months, the maximum sentence he would have received if Amendment 750 were effective at the time of his sentencing.

s/J. Thomas Marten
J. THOMAS MARTEN, JUDGE